UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE O'NEIL,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT BURTON, Warden,<br><br>    Respondent. | No. 2:18-cv-0858 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, which challenges petitioner's 2015 conviction and sentence. ECF No. 1. The single-claim petition challenges petitioner's three-year enhancement for great bodily injury, based on the alleged violation of petitioner's rights under the Fifth, Sixth and Fourteenth Amendments. The petition has been fully briefed and is submitted for decision.

However, currently pending is petitioner's motion to file a proposed amended habeas petition. ECF Nos. 21-2. The proposed petition is limited to a different single ground for relief, a challenge to petitioner's five-year enhancement for a prior serious felony conviction. The amended petition relies on the January 1, 2019 implementation of Senate Bill 1393, which gives state judges discretion to strike a prior serious felony conviction in connection with sentencing.

For the reasons set forth below, the undersigned recommends that petitioner's motion to proceed on his proposed amended petition be denied.

II. Legal Standards Governing Motions to Amend

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure). Federal Rule of Civil Procedure 15(a)(2) authorizes an amended pleading "only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." See Outdoor Systems, Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir. 1993) (denial of leave to amend is reviewed "for abuse of discretion and in light of the strong public policy permitting amendment"). Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). It is "within the discretion of the district court to deny leave to amend when the amendment would be 'futile.'" Smith v. Commanding Officer, Air Force Accounting & Fin. Ctr., 555 F.2d 234, 235 (9th Cir. 1977) (citations omitted).

In general, pro se pleadings are to be liberally construed. Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, "the petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010).

III. Petitioner's Argument

Petitioner contends that he is entitled to proceed on his proposed amended petition because "[p]rior to SB 1393 being enacted petitioner could not seek such relief during sentencing and . . . petitioner has not sought the United States Supreme Court writ of certiorari [so] . . . his conviction has not become final." ECF No. 22 at 25. Petitioner argues that his proposed amended petition is not a "second or successive petition," citing Woods v. Carey, 525 F.3d 886, 887-90 (9th Cir. 2008) (new petition is second or successive if it raises a claim that could have been adjudicated on the merits in an earlier petition). ECF No. 21 at 1. It appears that petitioner

has exhausted his new claim in the state courts. Petitioner has submitted a portion of the Sacramento County Superior Court's February 26, 2019 written decision denying his recent state habeas petition in which petitioner sought an order striking his five-year enhancement. ECF No. 22 at 15. Petitioner has also submitted a copy of the California Court of Appeal's March 21, 2019 summary denial, id. at 14; and a copy of the California Supreme Court's July 24, 2019 summary denial, id. at 13.

IV. Analysis

"On September 30, 2018, the Governor signed S.B. 1393 which, effective January 1, 2019, amends [Cal. Penal Code] sections 667(a) and 1385(b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1-2.)" People v. Garcia, 28 Cal. App. 5th 961, 971 (2018), review denied (Jan. 16, 2019). "[U]nder the Estrada rule, . . . it is appropriate to infer, as a matter of statutory construction, that the Legislature intended S.B. 1393 to apply to all cases to which it could constitutionally be applied, that is, to all cases not yet final when S.B. 1393 becomes effective on January 1, 2019." Id. at 973 (citing In re Estrada (1965) 63 Cal. 2d 740, 744-45). "The result is courts now have discretion to strike a five-year enhancement. The amendment applies retroactively to all cases not final on its effective date." People v. Dearborne, 34 Cal. App. 5th 250, 268 (2019), review denied (July 17, 2019) (citing Garcia, 28 Cal. App. 5th at 973).

In reviewing petitioner's recent state petition, the Superior Court noted that "[p]etitioner's 2015 conviction of robbery and assault, with great bodily injury enhancements and a prior conviction, was affirmed on appeal with a remand for sentencing in December 2016. He was re-sentenced in May 2017; he did not appeal the re-sentencing." ECF No. 22 at 15. The Superior Court found that "[p]etitioner's criminal case became final on appeal in 2017 when he did not appeal his re-sentencing." Id. The court acknowledged petitioner's new claim "that he is entitled to relief because he is still 'actively challenging his criminal conviction,' referring to a case in the United States District Court, Eastern District of California," but stated that "[p]etitioner has not provided information on the federal case showing that it affects the finality of his criminal conviction." Id. (citing Estrada, supra, for the principal that "an ameliorative change to a statute

3

applies only to cases that were not yet final on appeal on the effective date of the amendment").

Petitioner's argument that his criminal conviction is not yet final because he has not sought certiorari in the Supreme Court is without merit. A criminal judgment becomes final when the time for pursuing *direct* review in the state courts, or the Supreme Court, expires. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (finding that petitioner's judgment became final when his time for seeking review with the State's highest court expired). Under California Rules of Court, petitioner had 60 days from the date of his re-sentencing to appeal, see Cal. Rule of Court 8.308(a); however, according to the Sacramento County Superior Court, he did not do so. Therefore, the 60-day period expired in July 2017, rendering petitioner's new judgment final and extinguishing petitioner's opportunity to further pursue the matter in the state courts or to file a petition for writ of certiorari in the Supreme Court.

More significantly for purposes of this federal court, petitioner's effort to obtain the benefit of California Senate Bill 1393 implicates state law only. The proposed amended petition seeks to compel the state courts to recognize petitioner's alleged entitlement to relief under state law alone. "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). See 28 U.S.C. § 2254(a) (federal habeas jurisdiction is limited to claims that petitioner is in custody "in violation of the Constitution, laws or treaties of the United States"). On this basis, petitioner's motion to proceed on his proposed amended petition should be denied.

V. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to proceed on his proposed amended petition for writ of habeas corpus, ECF No. 21, be DENIED;

2. The Clerk of Court be directed to designate the proposed amended petition for writ of habeas corpus, ECF No. 22, DISREGARDED; and

3. This action proceed on the merits of petitioner's original petition for writ of habeas corpus, ECF No. 1, which is fully briefed and submitted for decision.

4

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, petitioner may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 19, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE