UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE O'NEIL,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT BURTON, Warden,<br><br>    Respondent. | No. 2:18-cv-00858 KJM AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 2015 conviction for robbery, assault, and battery. ECF No. 1. Respondent has answered, ECF No. 13, and petitioner has filed a traverse, ECF No. 19.

BACKGROUND

I. Proceedings In the Trial Court

    A. The Charges

Petitioner was charged in Sacramento County with robbery, felony assault by means of force likely to cause great bodily injury, and felony battery with serious bodily injury. With respect to the robbery and felony assault counts, a great bodily injury enhancement was alleged. In addition, a prior serious felony conviction was also alleged.

////

1

B. <u>The Evidence Presented at Trial</u>

The jury heard evidence of the following facts.[1] On August 14, 2014, Keith Washington was working as manager at a grocery store. Around 7:00 p.m., petitioner and Devonte Newman, who used to work as a store security guard, were in the store briefly.

At midnight, Washington was checking the parking lot for shopping carts, as part of his regular store closing procedures. Petitioner approached and asked if Washington had seen a girl in the parking lot and if he could use a phone. Washington replied he had not seen the girl, and offered petitioner the store's phone. Petitioner then punched Washington in the face, near his cheek. A second man ran up and one of the two said, "grab him." Both men rushed toward Washington and began hitting him. Washington fell to the ground on his side, and petitioner went to the ground, facing Washington. Petitioner punched Washington in the shoulder and chest area and tried to grab his arms and gain control. The second man, who was standing behind Washington, punched and kicked Washington on the upper back and head. Washington could not protect himself because petitioner had control of Washington's body.

While the second man continued kicking Washington, petitioner rose to his knees and spent a few seconds going through Washington's pockets and grabbing at the store key attached to a front belt loop on Washington's pants. Petitioner's actions distracted Washington and prevented him from protecting himself when the second man kicked Washington in the face once, right under his cheek bone. The pressure of the kick caused Washington's right eye to burst. (Washington had a prior history of eye surgery, which may have made him more susceptible to injury. However, an ophthalmologist testified that Washington's eye bursting could only have been caused by significant injury or severe trauma.) Right around the time of the kick, petitioner said, "I got it. Let's go." The second man punched Washington two more times and then the two men left.

////

---

[1] This statement of facts is adapted from the opinion of the California Court of Appeal, Lodged Doc. 8 (ECF No. 14-8). The undersigned has independently reviewed the trial record and finds the appellate court's summary of the facts to be accurate.

1    Washington, who was missing $16 from his pockets, went into the store and called 911.
2    Washington's eye was swollen shut and he had knots on the top of his head, cuts on his lips, and
3    pain in his back and upper body. Washington was taken to the hospital where he was treated for a
4    ripped cornea and a detached retina in his right eye. Although doctors performed multiple
5    surgeries, at the time of trial he had lost vision in his right eye, and he no longer had a lens, iris,
6    or pupil.
7    Petitioner testified in his own defense. He testified that Washington had "mugged" him or
8    given him dirty looks while he and Newman were in the store the evening of the incident. The
9    two left the store but returned to the parking lot at 9:00 p.m., along with petitioner's pregnant
10   fiancé. A man named Jet arrived 30 minutes later and began to drink alcohol with petitioner.
11   When petitioner later saw Washington in the store parking lot, he approached, asked why
12   Washington had given him dirty looks earlier, and called Washington names. Washington made
13   a fist and petitioner hit him, thinking Washington was going to attack. Washington then rushed at
14   petitioner and the two began to fight, with Washington falling on petitioner. Jet then joined the
15   fight and started kicking Washington. Jet tried to get Washington's keys and patted down
16   Washington's pockets. Petitioner broke away from the fight and asked why Jet jumped in and
17   made the situation worse. Jet started to run toward petitioner, but Washington grabbed his leg.
18   Jet kicked Washington in the face, broke free, and ran to a nearby apartment complex, while
19   petitioner ran to his car. Petitioner testified he never intended to take anything from or seriously
20   hurt Washington.

21   C. <u>Outcome</u>

22   The jury found petitioner guilty of robbery and felony assault, and simple battery as a
23   lesser included offense to the felony battery count. With respect to robbery and felony assault,
24   the jury also found that petitioner personally inflicted great bodily injury. The trial court found
25   the prior conviction allegation true.
26   The trial court sentenced defendant to an aggregate term of 14 years in prison based on the
27   robbery and various sentencing enhancements. The court stayed the assault and battery counts
28   without announcing a term for either count.

3

II.  Post-Conviction Proceedings

Petitioner timely appealed, and the California Court of Appeal affirmed the judgment of conviction in relevant part on December 27, 2016. The court found that the superior court had committed error at sentencing by "staying" the felony assault and simple battery counts rather than imposing sentences on them and then staying execution of those sentences. The case was accordingly remanded for resentencing. The judgment was otherwise affirmed. Lodged Doc. 8 (ECF No. 14-8). The California Supreme Court denied review without comment on March 3, 2017. Lodged Doc. 10 (ECF No. 14-10).

Petitioner filed no petitions for writ of habeas corpus in the California courts.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.

////

4

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 180-181 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. at 181-182. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 182. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 563 U.S. at 102.

## DISCUSSION

I. Claim One: Erroneous Jury Instruction on Great Bodily Injury Enhancement

A. Petitioner's Allegations and Pertinent State Court Record

The jury was instructed on the group beating theory of personal infliction of great bodily

injury, pursuant to CALCRIM 3160. Petitioner contends that this instruction effectively lowers the prosecution's burden of proof in violation of petitioner's federal constitutional rights. See ECF No. 1 at 1, 17, 32-52.

Petitioner had objected to the instruction at trial. The jury was instructed in pertinent part as follows:

> If you find the defendant guilty of the crimes charged in Counts 1 and or 2, you must then decide whether for each crime the People have proved the additional allegations that the defendant personally inflicted great bodily injury on Keith Washington in the commission of that crime in violation of [Penal Code section 12022.7, subdivision (a)].
>
> …
>
> … If you conclude that more than one person assaulted Mr. Washington, and you cannot decide which person caused which injuries[,] you may conclude that the defendant personally inflicted great bodily injury on Mr. Washington if the People have proved that:
>
> [1] two or more people acting at the same time assaulted Mr. Washington and inflicted great bodily injury on him.
>
> [2] the defendant personally used physical force on Mr. Washington during the group assault.
>
> And [3A] the amount or type of physical force the defendant used on Mr. Washington was enough that it alone could have caused Mr. Washington to suffer great bodily injury or [3B] the physical force the defendant used on Mr. Washington was sufficient in combination with the force used by the others to cause Mr. Washington to suffer great bodily injury.
>
> The defendant must have applied substantial force to Mr. Washington. If that force could not have caused or contributed to the great bodily injury then it was not substantial.

RT 590-591 (ECF No. 14-4 at 152-153); CT 154 (ECF No. 14-1 at 162).

### B. The Clearly Established Federal Law

Erroneous jury instructions do not support federal habeas relief unless the infirm instruction so infected the entire trial that the resulting conviction violates due process. Estelle v. McGuire, 502 U.S. 62, 71-72 (1991); Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) ("[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional right]"). The challenged instruction may not

6

be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record overall. Estelle, 502 U.S. at 72. Moreover, relief is only available if there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution. Id. at 72-73; Waddington v. Sarausad, 555 U.S. 179, 190-191 (2009).

It is an essential requirement of due process that the government must prove beyond a reasonable doubt every fact necessary to constitute the charged offense. In re Winship, 397 U.S. 358, 364 (1970).

### C. The State Court's Ruling

This claim was raised on direct appeal. Because the California Supreme Court denied discretionary review, the opinion of the California Court of Appeal constitutes the last reasoned decision on the merits and is the subject of habeas review in this court. See Ylst v. Nunnemaker, 501 U.S. 797 (1991); Ortiz v. Yates, 704 F.3d 1026, 1034 (9th Cir. 2012).

The Court of Appeal ruled as follows:

> Defendant contends the trial court improperly instructed the jury pursuant to CALCRIM No. 3160, which describes the group beating exception to personal infliction of great bodily injury. According to defendant, by permitting the jury to (a) apply the instruction when it "cannot decide which person *caused* which injury," and (b) find the enhancement true if defendant used physical force on Washington that "was sufficient in combination with the force used by the others to *cause* [Washington] to suffer great bodily injury," the instruction allowed the jury to find that he personally inflicted bodily injury even though he may have only proximately caused the injury. (CALCRIM No. 3160, italics added.) He contends this error reduced the prosecution's burden of proving the great bodily injury enhancement and deprived him of his federal constitutional rights. We disagree.
>
> Section 12022.7, subdivisions (a) and (f) authorize additional punishment for "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony. . . . [¶] . . . [¶] '[G]reat bodily injury' means a significant or substantial physical injury." The term "personally inflicts" in section 12022.7 applies to those who directly perform the act that causes the great bodily injury and not to those who proximately cause it. (People v. Cole (1982) 31 Cal.3d 568, 579; People v. Rodriguez (1999) 69 Cal.App.4th 341, 347.) In group beating situations, "the physical force personally applied by the defendant must have been sufficient to produce great bodily injury either (1) by itself, or (2) in combination with other assailants." (People v. Modiri (2006) 39 Cal.4th 481, 484; People v. Dunkerson (2007) 155 Cal.App.4th 1413, 1418 [applying the

> Modiri analysis to § 12022.7 and CALCRIM No. 3160].) Excluded are defendants "who merely assist someone else in producing injury, and who do not personally and directly inflict it themselves." (Modiri, at p. 494.)
>
> Despite defendant's narrow reading of CALCRIM No. 3160, there is no substantive difference here between using the verb "inflict" versus "cause." (People v. Modiri, supra, 39 Cal.4th at p. 493 ["inflict" commonly means to "'cause (something damaging or painful) to be endured'"].) Moreover, the instruction states the jury's role was to decide whether defendant personally used physical force on the victim, and that such force caused great bodily injury. In line with Modiri, the instruction told the jury that the amount of force used by defendant must have been enough, by itself, to have caused the great bodily injury, or that it was sufficient in combination with the force used by other assailants to have caused the great bodily injury. (Id. at pp. 484, 494, 496, 501.) In sum, CALCRIM No. 3160 does not use the terminology of proximate causation or suggest that anything other than personal participation in the inflicting injury is required. We conclude CALCRIM No. 3160 was properly given and correctly stated the law on personal infliction of great bodily injury in a group attack setting, and defendant's constitutional rights were not violated. (People v. Dunkerson, supra, 155 Cal.App.4th at p. 1418.)

Lodged Doc. 8 (ECF No. 14-8) at 5-6.

### D.  Objective Reasonableness Under § 2254(d)

The California Court of Appeal's interpretation of CALCRIM No. 3160 is a matter of state law, and therefore is binding on this court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (federal habeas court is bound by state court's interpretation of state law).  As construed to require personal participation in inflicting the injury at issue, rather than mere proximate causation,[2] the challenged instruction is neither contrary to nor unreasonable in light of any U.S. Supreme Court precedent.

Petitioner has identified no holding of the U.S. Supreme Court that finds due process violated by an instruction permitting criminal liability for an injury jointly caused by the defendant and another.  The undersigned is aware of no such authority.  In the absence of "clearly established federal law" governing petitioner's claim, there can be no unreasonable application of

////

---

[2] The plain language of the instruction requires a finding beyond a reasonable doubt of such participation, so the result would be the same even if this deference were not required.

such law by the state court and therefore no habeas relief under AEDPA.  Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam).

Moreover, when the challenged instruction is viewed in light of the jury instructions as a whole[3]—which included correct instructions on the definition of great bodily injury, the prosecution's burden of proof, the reasonable doubt standard, accomplice liability, and self defense—it is not at all likely that the instruction was applied by the jury in a way that violated the Constitution.  Neither does the trial record as a whole reflect any fundamental unfairness.  It therefore cannot have been objectively unreasonable for the state court to reject petitioner's argument.  Accordingly, Section 2254(d) bars federal habeas relief.

## II. Claim Two: Sufficiency of the Evidence Supporting Great Bodily Injury Enhancement

### A. Petitioner's Allegations and Pertinent State Court Record

Petitioner contends that the verdict is not supported by constitutionally sufficient evidence that he inflicted great bodily injury.  ECF No. 1 at 5, 17, 53-58.

### B. The Clearly Established Federal Law

Due process requires that each essential element of a criminal offense be proven beyond a reasonable doubt.  United States v. Winship, 397 U.S. 358, 364 (1970).  In reviewing the sufficiency of evidence to support a conviction, the question is "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1974).  If the evidence supports conflicting inferences, the reviewing court must presume "that the trier of fact resolved any such conflicts in favor of the prosecution," and the court must "defer to that resolution."  Id. at 326.  "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury."  Cavazos v. Smith, 565 U.S. 1, 2 (2011).

////

////

---

[3] The instructions are at CT 136-157 (ECF No. 14-1 at 144-165).

1       C. <u>The State Court's Ruling</u>

2   This claim was also raised on direct appeal. The opinion of the California Court of Appeal is therefore the subject of this court's habeas review. See <u>Ortiz</u>, 704 F.3d at 1034. The appellate court ruled as follows:

> Defendant also contends there was insufficient evidence to support the jury's finding he personally inflicted great bodily injury on Washington. According to defendant, the evidence identified Jet as the one who injured Washington's eye, especially since defendant at the time of the kick was rifling through Washington's pockets instead of punching and restraining him. Moreover, defendant contends, none of his actions during the fight contributed to Washington's eye injury. We disagree.
>
> " 'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence--that is, evidence that is reasonable, credible, and of solid value--from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.] We determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] In so doing, a reviewing court 'presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' [Citation.]" (<u>People v. Avila</u> (2009) 46 Cal.4th 680, 701.) A reviewing court does not reweigh evidence or reevaluate a witness's credibility. (<u>People v. Lindberg</u> (2008) 45 Cal.4th 1, 27.)
>
> Despite defendant's contentions, he was an active and direct participant in the group beating that caused Washington's eye injury. In addition to punching Washington, defendant continuously grabbed at Washington's arms to control and restrain him. Washington testified he was unable to protect himself throughout the assault due to defendant's actions, including the few seconds defendant spent rifling through Washington's pockets. Courts have upheld section 12022.7 enhancements where a defendant forcibly restrains a victim while another person assaults the victim and, in combination, they cause great bodily injury. (<u>People v. Dominick</u> (1986) 182 Cal.App.3d 1174, 1210-1211 [upholding § 12022.7 enhancement where the defendant held the victim from behind while another man hit her with a pole, causing the victim to fall down a hill and break her shoulder]; see also <u>People v. Modiri</u>, *supra*, 39 Cal.4th at p. 496 [discussing <u>Dominick</u>].) Accordingly, we conclude there was sufficient evidence that the physical force defendant used on Washington was sufficient in combination with the force used by Jet to cause Washington to suffer great bodily injury. (<u>Modiri</u>, at pp. 500- 501.)

Lodged Doc. 8 (EXCF No. 14-8) at 6-7.

### D. Objective Reasonableness Under § 2254(d)

The sufficiency of the evidence standard applied by the state court is identical to that announced in Jackson v. Virginia, supra. There is nothing objectively unreasonable about the court's application of that standard to the facts of petitioner's case. Petitioner disagrees with the jury's evaluation of the evidence, but this is far from a case in which "no rational trier of fact could have agreed with the jury." Cavazos, 565 U.S. at 2. Particularly in light of the "double dose of deference" to the verdict that is required under the Due Process Clause and the AEDPA, Boyer v. Belleque, 659 F.3d 957, 964 (9th Cir. 2011), federal habeas relief is unavailable.

### CONCLUSION

For all the reasons explained above, the state courts' denial of petitioner's claims was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d). Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied. It is further RECOMMENDED that no certificate of appealability issue. See 28 U.S.C. § 2253(c)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 15, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE